237 A.2d 545.
ANNA FUSARO *vs.* BETTINA NACCARATO.
ANGELO FUSARO *vs.* BETTINA NACCARATO.

JANUARY 23, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These are two cases of trespass on the case for negligence brought to recover damages for injuries alleged to have been sustained as a result of a collision between two motor vehicles, in one of which the plaintiffs, man and wife, were riding as passengers, and the other owned by the defendant. The cases were tried by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in each case. Damages were awarded to the plaintiff Anna Fusaro in the amount of $7,300 and to the plaintiff Angelo Fusaro in the amount of $871.20. Judgment entered therefor in each case. The cases are now in this court on the defendant's appeal therefrom solely on the ground that the damages awarded in each case were grossly excessive.

The defendant, in arguing in this court that the damages awarded were grossly excessive, contends that the trial justice rested his conclusion as to the amount of damages to be awarded on a misconception of the evidence relating to that issue. It is, of course, well settled that an award of damages must rest on legally competent evidence establishing the nature and extent thereof. Such an award may not properly be the result of speculation or conjecture, *Jackson* v. *Choquette & Co.,* 78 R. I. 164, 80 A.2d 172. The

damages awarded in this case, in our opinion, are supported by competent evidence, and the amounts were not grossly excessive.

In the first place, defendant argues that damages in the amount of $2,300 for Anna Fusaro's loss of wages is unsupported by any competent evidence. The record discloses, however, upon examination, that there is medical testimony that this plaintiff was unable to perform the duties of her employment for a period of forty-three weeks. When the amount of lost wages is computed on the basis of this time period multiplied by her weekly wage, it becomes obvious that $2,300 was a correct award. There being evidence proving this, it was the duty of the trial justice to make such an award. *Rusoff* v. *O'Brien,* 99 R. I. 153, 206 A.2d 209.

The defendant argues also that the award of $5,000 for pain and suffering was grossly excessive. We have repeatedly held that there is no formula to which we adhere for the computation of the damages to be awarded for pain and suffering. *Tilley* v. *Mather,* 84 R. I. 499, 124 A.2d 872. We noted in that case that the amount to be awarded as damages for pain and suffering is a matter to be left to the discretion of the jury under proper instructions. We went on to say that it has always been our policy to allow a jury substantial latitude in the computation of an amount to be awarded as damages for pain and suffering. This court there indicated that it would reduce the jury verdict in that respect only when it appeared that the award was grossly excessive. An award is grossly excessive when there is a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injury sustained. We reiterated this viewpoint in *Calci* v. *Brown,* 95 R. I. 216, 186 A.2d 234. While in those cases the award of damages under consideration had been made by a jury, there is, in our opinion, no sound reason for holding that a similar rule does not apply

to awards of damages made where a trial justice tries a cause without the intervention of a jury.

In the instant case it appears that plaintiff Anna Fusaro had been a passenger in a car which had been involved in a rather substantial collision. There is some testimony that she may have endured a period of unconsciousness, she had been hospitalized for a period of twelve days, and she had been under the care of physicians for approximately one year. This plaintiff, testifying in her own behalf, stated that she had endured severe pain in her shoulder, back, and neck and that even at the time of trial she was still having trouble with her right arm. In these circumstances we are unable to conclude that there has been demonstrated any substantial disparity between the evidence adduced as to the pain and suffering endured and the amount awarded. We cannot agree that the trial justice in these circumstances abused the discretion vested in him in making the award.

The defendant also argues that the trial justice erred in awarding damages to the plaintiff Angelo Fusaro for pain and suffering. We have examined his contentions and find them to be without merit, and in all the circumstances we cannot say that the trial justice here erred in awarding damages in the amounts specified.

In each case the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Cappuccio & Cappuccio, Louis B. Cappuccio, Frank S. Cappuccio,* for plaintiffs.

*John G. Carroll,* for defendant.