[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was tried before the Court sitting without a jury pursuant to the plaintiffs' claim against the defendants for breach of warranties and misrepresentation. Specifically, the plaintiffs allege that the construction of a fire escape contiguous to the outside of their condominium units constitutes a breach of the terms of the Declaration of Condominium. The plaintiffs further allege that the defendants misrepresented to the plaintiffs the location of the fire escape. For the reasons set forth below, the plaintiffs claims for both injunctive and monetary relief are denied.
The pertinent part of the Bliss Mine Road Condominium Public Offering Statement provides as follows:
 The unit, together with the undivided interest in the common elements, and any personal property contained within the unit or in the common elements, are sold "as is". There are no written oral representations or warranties, express or implied, including, without limitation, warranties of merchantability, fitness for a particular purpose, inhabitability, made by the declarant or any agent of the declarant regarding the condition or use of the condominium, the real estate or otherwise.
Turning to the plaintiffs' allegation of misrepresentation on the part of the defendants, neither the condominium documents, the condominium survey maps and plans, nor any individual purchase and sale agreements with the plaintiffs make reference to the fire escape and the location thereof. The plaintiffs did not introduce into evidence any written documents which purport to establish that there were any specific misrepresentations by any of the defendants concerning the location of the fire escape.
Furthermore, at the time that plaintiff James Costello initially purchased his condominium unit, the evidence establishes that the portion of his unit which he claims is adversely affected by the fire escape, was a closet. At some point in time, Mr. Costello received approval to install windows where the closet was located. He presently claims that the fire escape blocks and impedes a view which did not even exist when he purchased the unit. Although Mr. Costello contends that he received approval to install these windows prior to purchasing the unit, the evidence is in conflict as to the exact time the approval was granted. Regardless of when approval was received, the record is devoid of any reliable evidence that the design or location of the fire escape was negligently or intentionally undertaken so as to injure any of the plaintiffs. The Court, therefore, finds that the contention that any of the defendants' misrepresented information about a fire escape which impedes a window view which did not exist at the time Mr. Costello bought the unit is illogical and without merit. For these same reasons, the Court finds that the defendants are not in breach of any warranties.
The evidence also establishes that the developer, 44 Bliss Mine Road Properties, was under orders from the State Fire Marshall and the Middletown Fire Chief to complete construction of the fire escape because of the overriding issue of public safety. Thus, the developer acted in accordance with written directions which were provided by the Bliss Mine Condominium Association. This plan properly addressed the safety concerns expressed by the Middletown Fire Chief, Donald Ardito. Chief Ardito testified that in order for the fire escape to meet the standards set forth in the fire code for multi-unit housing, it would have to be constructed at a point which is, in the Chief's words, "remote" from the interior stairway. This safety standard apparently motivated Chief Ardito to halt the construction of the fire escape at the southwest corner of the building and recommend that it be constructed in the southeast corner instead. Thus, the Court finds that the defendant condominium association acted appropriately in that it installed the fire escape under the order and direction of a municipal official who is vested with the power to decide upon such matters.
Even if by way of some convoluted theory there was liability incurred on the part of one or all of the defendants in this matter, the Court is of the opinion that the plaintiff has failed to prove damages. The testimony of the plaintiffs' expert witness, realtor Jack Enwright, was not persuasive. That is, the Court finds no credible basis upon which to justify the opinions which Mr. Enwright provided with respect to the property's diminution in value. To this end, the Rhode Island Supreme Court has held that an award of damages must rest on legally competent evidence establishing the nature and extent thereof. Fusaro v.Naccara, 237 A.2d 545 (1968). An award of damages is not proper when it is speculative or the result of conjecture. Id. In the case at bar, the Court finds that there is not reasonable foundation provided upon which to base an opinion that the value of the condominium unit is reduced as a result of the location of the fire escape. That is, the sales data used by Mr. Enwright was grossly incomparable as a result of the manner in which he attempted to take condominiums with restricted water views and compare them to the subject condominium which has a stairway blocking a view from one set of windows. In order for the Court to properly assess whether there has indeed been any diminution in value, it would be necessary for the plaintiff's expert to have undertaken a more precise market analysis upon which a factfinder could reasonably rely. In accordance with the standards set forth in Fusaro, any estimation regarding damages in the case at bar would be speculative in nature.
Judgment shall enter in favor of the defendants. Counsel shall prepare an order in conformity with this decision.