**Kim T. TRAINOR**

v.

**TOWN OF NORTH KINGSTOWN et al.**

**No. 92–281–Appeal.**

Supreme Court of Rhode Island.

June 3, 1993.

Robert Mann, Mann & Mitchell, Providence, for plaintiff.

Gregory Madoian, Charles Butterfield, Ltd., Warwick, for defendants.

## OPINION

**PER CURIAM.**

This case came before a panel of this court on May 18, 1993, pursuant to an order directed to both the plaintiff, Kim T. Trainor (Trainor), and the defendant Michael J. Burke (Burke) to appear and show cause why their appeals should not be summarily decided. After considering the arguments and memoranda of counsel, we remand the case to the Superior Court.

This civil action arises out of a sexual assault of plaintiff by Burke, a police officer in North Kingstown, Rhode Island. The defendant Burke was convicted on two counts of first-degree sexual assault as affirmed by this court in *State v. Burke*, 522 A.2d 725 (R.I.1987). The plaintiff now seeks compensatory damages and punitive damages against defendant Burke.

Pursuant to G.L.1956 (1981 Reenactment) § 12–28–5, as amended by P.L.1988, ch. 444, § 2, the trial justice granted plaintiff's motion for summary judgment and proceeded to entertain an oral proof of claim on the damages issues. After a brief hearing during which no evidence of plaintiff's pecuniary loss or medical expenses was presented, the trial justice concluded:

"You've asked for compensatory damages, but yet you've proved none. So the Court is hard put to award any compensatory damages. However, I am going to find as a fact that Ms. Trainor did suffer a personal injury by virtue of the two rapes that were committed upon her body."

The trial justice thereafter awarded plaintiff $1 in compensatory damages and $250,-000 in punitive damages. The defendant Burke appeals the latter portion of this judgment, and plaintiff has filed a cross-appeal on the amount of compensatory damages.

With respect to plaintiff's appeal on the amount of compensatory damages, we find the trial justice erred in denying the award on the basis of the lack of evi-

dence. It is not a prerequisite to an award of compensatory damages that there be evidence of a plaintiff's medical bills, amount of lost wages, or value of lost property presented to the court. Indeed we have stated that no mathematical formula exists for awarding a plaintiff damages for his or her pain and suffering, which is in the nature of compensatory damages. *See Pimental v. Postoian,* 121 R.I. 6, 12, 393 A.2d 1097, 1101 (1978) (citing *Fusaro v. Naccarato,* 103 R.I. 324, 326, 237 A.2d 545, 546 (1968)). Therefore, we find it necessary for the trial justice to reexamine the testimony presented by plaintiff's witnesses and compute an award, if any, of compensatory damages that would compensate plaintiff for the personal injury she sustained as a direct result of Burke's felonious conduct.

■ We also find that the trial justice erred in granting the plaintiff an award of $250,000 in punitive damages under § 12–28–5. That statute provides that a plaintiff may establish proof of damages for his or her "personal injury and/or loss of property as was sustained by the victim as a direct and proximate cause of the felonious conduct of which the defendant has been convicted." An award of punitive damages does not fall within the ambit of § 12–28–5.

For the foregoing reasons we sustain both the plaintiff's appeal and the defendant's appeal. This matter is remanded to the Superior Court with respect to the plaintiff's appeal from the award of compensatory damages, and the judgment of $250,000 in punitive damages is vacated.

FAY, C.J., did not participate.