Cynthia SEDDON, p.p.a.
Tracy Lynn Seddon

v.

Jean O. BONNER.

No. 99–283–Appeal.

Supreme Court of Rhode Island.

July 14, 2000.

Joseph A. Capineri, Pawtucket, Richard A. Ciccone, Providence, for Plaintiff.

Rebecca Tedford Partington, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Court pursuant to certified questions relative to the interpretation of G.L.1956 § 12–28–5, a victim's rights statute that provides for the entry of a civil judgment against a defendant upon final conviction of a felony after a trial by jury.[1] Following the defendant's objection to the plaintiff's request for entry of judgment under § 12–28–5, the Attorney General moved, pursuant to G.L. 1956 § 9–24–27, to certify four questions of considerable doubt and importance to this Court. The motion was granted, and an order was issued certifying the following four questions to this Court:

"1. Does § 12–28–5 or the entry of Judgment pursuant to that statute preclude the Plaintiff or a complaining witness from obtaining a judgment other than pursuant to R.I.G.L. § 12–28–5 as to liability and/or damages (whether compensatory or punitive) against a defendant previously convicted criminally for crimes contemplated by the statute?

---

1. General Laws 1956 § 12–28–5, entitled "Civil judgment against defendant," provides:

"(a) Upon his or her final conviction of a felony after a trial by jury, a civil judgment shall automatically be entered by the trial court against the defendant conclusively establishing his or her liability to the victim for such personal injury and/or loss of property as was sustained by the victim as a direct and proximate cause of the felonious conduct of which the defendant has been convicted. The court shall notify the victim at his or her last known address of the entry of the civil judgment in his or her favor and inform him or her that he or she must establish proof of damages in an appropriate judicial proceeding in order to recover for his or her injury or loss. This section shall not apply to crimes set forth in title 31 arising from the operation of a motor vehicle.

"(b) For the purposes of this section, a 'victim' is one who has sustained personal injury or loss of property directly attributable to the felonious conduct of which the defendant has been convicted. In homicide cases, judgment shall enter for the benefit of those parties eligible to commence a wrongful death action pursuant to chapter 7 of title 10."

"2. If the answer to question number one is in the affirmative, and the provisions of R.I.G.L. § 12–28–5 are declared to be the exclusive civil remedy afforded to victims of crime, does that remedial scheme violate the guarantees of equal protection afforded by both the Rhode Island and United States Constitutions, since the Plaintiff/victim is precluded from obtaining punitive damages pursuant to *Trainor v. Town of North Kingstown*, 625 A.2d 1349 (R.I.1993)?

"3. Does § 12–28–5 by its terms *require* the Superior Court to enter a civil judgment against a defendant conclusively establishing his or her liability to the victim for such personal injury and/or loss of property as was sustained by the victim as a direct and proximate cause of the felonious conduct of which the defendant was convicted following the Defendant's conviction for an enumerated crime?

"4. Does § 12–28–5 either on its face *or* as applied to a Defendant who elects not to take the stand in his own defense at the criminal trial violate that Defendant's constitutional rights under either the 5th or 14th Amendments to the United States Constitution?"

### Facts and Procedural History

On May 7, 1997, a criminal information charged that the defendant, Jean O. Bonner (defendant or Bonner), did engage in sexual contact with Tracy Lynn Seddon (Tracy), a person fourteen years of age or under, in violation of G.L.1956 §§ 11–37–8.3 and 11–37–8.4. On March 6, 1998, a jury returned a verdict of guilty of second-degree child-molestation sexual assault. On March 13, 1998, defendant's motion for a new trial was denied; defendant was sentenced to a suspended term of ten years at the Adult Correctional Institutions with ten years probation, and did not appeal this conviction.

Thereafter, a civil action was instituted on May 29, 1998, by Cynthia Seddon, individually and as parent and next friend of her minor daughter, Tracy (collectively plaintiffs), seeking compensatory and punitive damages, as well as injunctive relief, against Bonner. During the course of this civil action, plaintiffs moved in Superior Court for an automatic civil judgment against Bonner pursuant to § 12–28–5. Bonner objected to plaintiffs' motion, arguing that the automatic nature of § 12–28–5 violates his constitutional right to due process and his privilege against self-incrimination. On March 12, 1999, the Attorney General's motion to intervene in the case, based upon the constitutional challenge to § 12–28–5, was granted. The plaintiffs subsequently sought to withdraw their motion for judgment pursuant to § 12–28–5 on the ground that they would be severely prejudiced if precluded from recovering punitive damages from Bonner, in light of this Court's holding in *Trainor v. Town of North Kingstown*, 625 A.2d 1349 (R.I. 1993). In addition, plaintiffs filed a motion for partial summary judgment, arguing that Bonner was collaterally estopped from arguing the issue of liability in the civil proceeding.

On May 4, 1999, Bonner filed an objection to plaintiffs' motion to withdraw and motion for partial summary judgment, arguing that unless and until § 12–28–5 is declared unconstitutional, it is the sole remedy available to plaintiffs in this matter. Thereafter, on June 22, 1999, the Attorney General's motion to certify to the Supreme Court pursuant to § 9–24–27 was granted by a justice of the Superior Court.

### Question 1

"Does § 12–28–5 or the entry of Judgment pursuant to that statute preclude the Plaintiff or a complaining witness from obtaining a judgment other than pursuant to R.I.G.L. § 12–28–5 as to liability and/or damages (whether compensatory or punitive) against a defendant previously convicted criminally for crimes contemplated by the statute?"

This first question requires us to determine whether § 12–28–5 sets forth the

exclusive remedy for a crime victim to recover damages from a defendant. Before this Court, Bonner argued that the language of § 12–28–5 is both unambiguous and mandatory, and provides the exclusive means by which a victim whose alleged assailant was convicted after a trial can recover damages. Alternatively, both the Attorney General and plaintiffs argued that § 12–28–5 is simply a procedural mechanism to establish civil liability of a criminal defendant to the victim of the crime, and is by no means the exclusive remedy available to the victim. We agree, and for the following reasons answer question one in the negative.

 Section 12–28–5 provides, in pertinent part, that,

"[u]pon his or her final conviction of a felony after a trial by jury, a civil judgment shall automatically be entered by the trial court against the defendant conclusively establishing his or her liability to the victim for such personal injury and/or loss of property as was sustained by the victim as a direct and proximate cause of the felonious conduct of which the defendant has been convicted."

We have consistently held that when the language of a legislative enactment is clear and unambiguous, this Court will interpret the statute literally and accord the words of the statute their plain and ordinary meanings. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996). Moreover, when we examine an unambiguous statute, "there is no room for statutory construction and we must apply the statute as written." *In re Denisewich*, 643 A.2d 1194, 1197 (R.I.1994).

It is clear that § 12–28–5 does not by its terms purport to be an exclusive remedy for the victim of a crime. The statute merely addresses the liability of a convicted defendant for injury to the victim's person or property. The language of the statute clearly and unambiguously provides that upon final conviction, a civil judgment shall automatically enter against the defendant, conclusively establishing his or her liability to the victim for personal injury or loss of property incurred as a result of the felonious conduct for which the defendant was convicted. Following the judgment establishing liability pursuant to § 12–28–5, the trial court must conduct a further proceeding in order to determine the amount of damages suffered by the victim. We conclude that § 12–28–5 is merely a procedural mechanism or shortcut, whereby the liability of the defendant is established, yet damages must still be proven in an "appropriate judicial proceeding," and does not operate to preclude a crime victim from pursuing other avenues of relief against the defendant, including a claim for punitive damages.[2]

Further, we are of the opinion that our holding in *Trainor* does not create an exclusive remedy for claims made pursuant to § 12–28–5. In *Trainor*, a North Kingstown police officer convicted of committing two counts of first-degree sexual assault was sued by his victim for compensatory and punitive damages. *Trainor*, 625 A.2d at 1349. The trial justice granted the victim's motion for partial summary judgment pursuant to § 12–28–5, and proceeded to entertain an oral proof of claim on the issue of damages. *Trainor*, 625 A.2d at 1349. After a brief hearing, the trial justice awarded the victim $1 in compensatory damages and $250,000 in punitive

---

**2.** Under G.L.1956 § 9–1–2, entitled "Civil liability for crimes and offenses," a crime victim may recover damages from the offender in a civil action regardless of whether a criminal complaint has been filed. *See Lyons v. Town of Scituate*, 554 A.2d 1034, 1036 (R.I.1989) (observing that prior to 1904 crime victims could not bring an action for injuries until after criminal proceedings had been instituted or a criminal complaint filed). Additionally, G.L.1956 § 11–37–8.6 provides that a court may, as part of any sentence imposed in a child sexual assault case, order a defendant to compensate the victim for medical costs, and the Criminal Royalties Distribution Act, G.L. 1956 chapter 25.1 of title 12, funds damage awards to victims from payments made by criminal defendants.

damages. *Id.* On defendant's appeal, this Court held that an award of punitive damages did not fall within the ambit of § 12–28–5, which provides that a plaintiff may establish proof of damages for his or her "personal injury and/or loss of property." *Trainor*, 625 A.2d at 1350. Our decision in *Trainor* addressed the narrow issue of whether punitive damages could be awarded as part of a judgment entered in accordance with § 12–28–5. We answered that question in the negative, but did not hold that other avenues by which a victim may obtain damages (whether compensatory or punitive) were limited or precluded by § 12–28–5.

Based on the foregoing reasons, we conclude that § 12–28–5 is not the exclusive remedy for crime victims to recover money damages against their aggressors. Because we have answered question one in the negative, we need not address the second question. We shall now consider question three.

### Question 3

■ "Does § 12–28–5 by its terms *require* the Superior Court to enter a civil judgment against a defendant conclusively establishing his or her liability to the victim for such personal injury and/or loss of property as was sustained by the victim as a direct and proximate cause of the felonious conduct of which the defendant was convicted following the Defendant's conviction for an enumerated crime?"

This question requires us to determine whether § 12–28–5 mandates that a civil judgment be automatically entered by the trial court on behalf of a victim following a final conviction. We are satisfied that the clear and unambiguous directive in § 12–28–5(a) that, "a civil judgment shall automatically be entered by the trial court against the defendant," indicates that § 12–28–5 places an affirmative obligation on the Superior Court to enter a civil judgment after a defendant is finally convicted following a trial by jury. However,

as mentioned previously, judgment pursuant to § 12–28–5 enters on the issue of liability only; the issue of damages must be determined in a separate judicial proceeding. Indeed, § 12–28–5(a) requires that,

> "[t]he court shall notify the victim at his or her last known address of the entry of the civil judgment in his or her favor and inform him or her that he or she must establish proof of damages in an appropriate judicial proceeding in order to recover for his or her injury or loss."

■ Accordingly, we are of the opinion that the statute requires a judgment to be entered automatically upon every "final conviction of a felony after a trial by jury," and that this practice must be implemented by the Superior Court. Of course, because § 12–28–5 is in the nature of a summary procedural mechanism intended to expedite a civil suit brought by a crime victim, the court should honor a victim's request that a judgment pursuant to § 12–28–5 not enter. Section 12–28–5 is intended to be an assistance to a crime victim, not a hindrance in a case where a victim has elected not to proceed against the defendant or has chosen to pursue damages via some other avenue of relief.

Therefore, we answer the third question in the affirmative, and hold that § 12–28–5 by its terms requires the Superior Court, upon final conviction after a trial by jury, to enter a civil judgment against a defendant conclusively establishing his or her liability to the victim for such personal injury or loss of property proximately caused by the felonious conduct that gave rise to the conviction. We shall now consider the fourth question.

### Question 4

■ "Does § 12–28–5 either on its face *or* as applied to a Defendant who elects not to take the stand in his own defense at the criminal trial violate that Defendant's constitutional rights under either the 5th or 14th Amendments to the United States Constitution?"

■ Before this Court, Bonner argued that if a criminal defendant elects not to take the stand in a criminal trial (Bonner so elected at his criminal trial), the entry of judgment pursuant to § 12–28–5 deprives him of property without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. We disagree. Due process requires that a party be given an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Millett v. Hoisting Engineers' Licensing Division of the Department of Labor,* 119 R.I. 285, 296, 377 A.2d 229, 236 (1977). Indeed, this Court has held that "as long as both parties are provided the opportunity to present evidence and to call witnesses, then a full and fair hearing has been conducted." *State v. Wiggs,* 635 A.2d 272, 276 (R.I. 1993). Although Bonner exercised his right not to testify at his criminal trial, he had the opportunity to testify and elected not to do so.

Certainly, although no adverse inference can be drawn from a defendant's decision not to testify at trial, the automatic entry of a civil judgment conclusively establishing a defendant's liability to the victim for compensatory damages does not adversely impact upon his decision not to testify. Further, because § 12–28–5 requires a crime victim to establish at a subsequent proceeding the amount of damages, if any, that are adequate compensation, the defendant, having been finally convicted, has every right to testify on his own behalf at that proceeding.

■ Bonner also argued that the entry of civil judgment pursuant to § 12–28–5 amounts to mandatory automatic estoppel not in keeping with fundamental fairness and prejudicial to the defendant's right to due process. We disagree. There is no reason why a final criminal conviction following a trial by jury should not preclude a defendant from re-litigating the issue of liability in a subsequent civil proceeding if the defendant enjoyed a full and fair opportunity to litigate the issue of his guilt or innocence at the criminal trial. We agree with the rationale of the New Hampshire Supreme Court in *Hopps v. Utica Mutual Insurance Co.,* 127 N.H. 508, 506 A.2d 294, 297 (1985), that,

> "there is a stronger rationale for applying collateral estoppel against a former criminal defendant than for applying it against a party to a prior civil case, since the criminal defendant has had the benefit of the presumption of innocence and the State's obligation to prove any fact essential to the conviction beyond a reasonable doubt."

Accordingly, we conclude that § 12–28–5, both on its face and as applied to a defendant who elects not to take the stand in his own defense at the criminal trial, does not violate that defendant's rights under the Fifth or Fourteenth Amendments to the United States Constitution.

### Conclusion

For the foregoing reasons, we answer question one in the negative, question three in the affirmative, and question four in the negative; given our answer in question one, we deem it unnecessary to address question two. The papers in the case may be remanded to the Superior Court for further proceedings.