# United States Court of Appeals
## For the First Circuit

No. 24-1714

HARLAN SHABSHELOWITZ,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND DEPARTMENT OF PUBLIC SAFETY, STATE POLICE
and LIEUTENANT MICHAEL CASEY, individually and in his capacity
as a police officer employed by the State of Rhode Island,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Rikelman, Lynch, and Aframe,
Circuit Judges.

Gary G. Pelletier, Pelletier Clark & Caley, LLC, V. Edward
Formisano, and Formisano and Company on brief for appellant.

Rajaram Suryanarayan, Andrew Plocica, Gunning & LaFazia,
Inc., and Jeff Kidd, Special Assistant Attorney General, on brief
for appellees.

September 12, 2025

LYNCH, **Circuit Judge**. Harlan Shabshelowitz appeals from the grant of summary judgment to the state law enforcement defendants in his suit against them for malicious prosecution. Shabshelowitz's suit arises out of his arrest and criminal proceedings on charges of obtaining money under false pretenses in violation of R.I. Gen. Laws §§ 11-41-4 and 11-41-5 (2002), and conspiracy to obtain money under false pretenses in violation of R.I. Gen. Laws §§ 11-1-6, 11-41-4, and 11-41-5 (2002). Shabshelowitz argues to us, but he did not argue to the federal district court, that defendants failed to establish the "final judgment" element of Rhode Island collateral estoppel law, and that he was deprived of a full and fair opportunity to litigate in state court because appellate review in the Rhode Island Supreme Court was unavailable. On appeal, Shabshelowitz has conceded the identity of issues element. He has waived his new arguments by failing to present them to the district court. He has also failed to meet this circuit's standards for considering his waived arguments and so we affirm on the basis of waiver.

## I.

We briefly recite the relevant, undisputed facts of record.

Shabshelowitz was indicted on March 28, 2013, by a Rhode Island grand jury, along with four co-defendants, on charges of obtaining money under false pretenses and conspiracy to obtain

- 2 -

money under false pretenses. The charges arose out of his participation in what was charged as a conspiracy to commit mortgage fraud.

Shabshelowitz filed five separate motions to dismiss the criminal charges before a Rhode Island Superior Court Magistrate in or around June 2015. In response, the Magistrate held two separate hearings, including an evidentiary hearing where witness testimony was taken. In support of his motions, Shabshelowitz submitted "memos, grand jury transcripts, and witness testimony" from three witnesses, including Shabshelowitz himself, which he presented at an evidentiary hearing held on April 29, 2016. Shabshelowitz argued, inter alia, that his case should be dismissed because of alleged misconduct committed during the grand jury proceedings including prosecutorial misconduct, presentation of misleading evidence, and missing and altered evidence. The Magistrate rejected Shabshelowitz's argument and denied his motions in an oral order issued June 10, 2016.

Shabshelowitz appealed this ruling to the Rhode Island Superior Court, though he did not appeal the Magistrate's decision rejecting his claim that evidence was missing. An Associate Justice of the Superior Court held a hearing on that appeal on December 13, 2016, at which, on de novo review, that Justice denied Shabshelowitz's appeal and adopted in full the Magistrate's

- 3 -

decision.[1]  The Associate Justice also supplemented the Rhode Island Magistrate's opinion with additional observations about the issues he raised, noting that Shabshelowitz "ha[d] not presented evidence of any misconduct by the prosecutor that rose to the level of justifying dismissal" nor had he "established that there was a pervasive scheme to present false information to the Grand Jury sufficient to justify dismissing the indictment or even that there was a sufficient amount of false factual information presented to the Grand Jury to justify dismissing the indictment." Shabshelowitz did not attempt to take an appeal from the Associate Justice's ruling.

On June 5, 2017, the Rhode Island Attorney General's Office filed a nolle prosequi of the charges against Shabshelowitz, pursuant to Rhode Island Rule of Criminal Procedure 48(a), as part

---

[1] Under Rhode Island Superior Court Rule of Practice 2.9(h), an Associate Justice's review of a Magistrate's decision involves:

> a de novo determination of those portions to which the appeal is directed and [the Associate Justice] may accept, reject, or modify, in whole or in part, the judgment, order, or decree of the magistrate. The justice, however, need not formally conduct a new hearing and may consider the record developed before the magistrate, making his or her own determination based on that record whether there is competent evidence upon which the magistrate's judgment, order, or decree rests. The justice may also receive further evidence, recall witnesses or recommit the matter with instructions.

of a plea agreement that the Attorney General's Office reached with one of Shabshelowitz's co-defendants.

More than thirty-two months later, on February 27, 2020, Shabshelowitz filed this lawsuit in federal court alleging a state law claim for malicious prosecution.[2] Shabshelowitz argued that the State lacked probable cause to prosecute him, but had nevertheless induced the grand jury to indict him by withholding exculpatory evidence and misrepresenting pieces of inculpatory evidence.

Discovery closed on November 22, 2023, after numerous extensions of that deadline. The defendants moved for summary judgment on January 16, 2024. The defendants argued, inter alia,[3] that Shabshelowitz was collaterally estopped from arguing that his grand jury indictment was procured without probable cause because the issues in question were "the same basic issue[s]" as those in Shabshelowitz's state court motion to dismiss. The defendants asserted that "all three requirements" of Rhode Island collateral

---

[2] The defendants in this case are the Rhode Island Department of Public Safety, the Rhode Island State Police, and Rhode Island State Police Officer Michael Casey, in both his individual and official capacities. Shabshelowitz also initially asserted claims arising under 42 U.S.C. § 1983, the Rhode Island Constitution, and several state law torts. Shabshelowitz amended his complaint on February 9, 2021, to omit all but the malicious prosecution claim. The suit proceeds under diversity jurisdiction.

[3] The defendants also argued that Shabshelowitz's malicious prosecution claim failed on the merits.

estoppel law were present in this case, namely that "(1) the parties [we]re the same or in privity with the parties of the previous proceeding; (2) a final judgment on the merits ha[d] been entered in the previous proceeding;" and "(3) the issue or issues in question [we]re identical in both proceedings." The defendants provided extensive argument as to why each element of Rhode Island collateral estoppel law was satisfied.

Shabshelowitz's response and sur-reply argued only that the "identity of issues" element of collateral estoppel had not been satisfied and that, when the facts were viewed in the light most favorable to the merits of his malicious prosecution claim, summary judgment was inappropriate.

The district court rejected the argument presented, finding that the issues were identical. It granted summary judgment to the defendants on the ground that Shabshelowitz was collaterally estopped from relitigating the issue of whether the State engaged in prosecutorial misconduct during the grand jury proceedings. The district court noted that "[t]wo Rhode Island state courts denied Mr. Shabshelowitz's motion to dismiss his state charges, rejecting his arguments that his indictment was procured by fraud and misconduct." It concluded that "[b]ecause the issues in state court are identical to those brought here (and there was a final disposition and the parties are the same), collateral

estoppel bars [Shabshelowitz] from re-litigating a claim he already lost."

## II.

We review grants of summary judgment de novo. Baez v. Baymark Detoxification Servs., Inc., 123 F.4th 62, 66 (1st Cir. 2024). In light of the defendants' lead argument that Shabshelowitz has waived the arguments he now presents as to the preclusive effect of his motion to suppress, it is necessary to "look to state law to determine the preclusive effect of a prior state court judgment." McCrory v. Spigel (In re Spigel), 260 F.3d 27, 33 (1st Cir. 2001). Under Rhode Island law,

> [c]ollateral estoppel attaches when (1) there is an identity of issues between the two proceedings, (2) the previous proceeding resulted in a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted is the same or in privity with a party from the previous proceeding.

Osifodunrin v. Desjardins, 333 A.3d 502, 504 (R.I. 2025). Shabshelowitz argues to this court that the district court erred under the second prong, contending both that there was no final judgment and that the asserted inability to obtain appellate review deprived him of a full and fair opportunity to litigate.

Shabshelowitz's only argument to the district court as to why collateral estoppel should not attach was that the "identity of issues" element had not been satisfied, an argument which he

has now abandoned on appeal. Shabshelowitz had ample notice of the defendants' argument that the denial of his motions to dismiss constituted final judgment on the merits and that he had received a full and fair opportunity to litigate in state court, yet he chose to respond only to the defendants' "identity of the issues" argument.

These arguments by Shabshelowitz have been waived. In general, "an appellant who," like Shabshelowitz, "has not proffered a particular claim or defense in the district court 'may not unveil it in the court of appeals.'" Nat'l Ass'n of Soc. Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995) (quoting United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992)). "If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992); see also Iverson v. City of Boston, 452 F.3d 94, 102 (1st Cir. 2006) (collecting cases).

Shabshelowitz has not met his burden to show that any exception to this circuit's "raise or waive" rule applies. This case does not present the "exceptional circumstances" needed to consider whether to excuse his waiver. Sindi v. El-Moslimany, 896 F.3d 1, 28 (1st Cir. 2018). There is nothing "sufficiently

compelling" about Shabshelowitz's claim to justify relaxing our "fundamental rule" that arguments first be properly raised before the district court.[4] Curet-Velázquez v. ACEMLA de P.R., Inc., 656 F.3d 47, 53 (1st Cir. 2011). Shabshelowitz makes no argument that this waiver was inadvertent. He chose his arguments for whatever strategic purpose he had in focusing on the "identity of issues"

---

[4] The district court determined that collateral estoppel applied because Shabshelowitz received a full and fair opportunity to litigate the matter in the Superior Court, which conducted an evidentiary hearing and heard testimony from Shabshelowitz and others. The district court also noted that Shabshelowitz failed to appeal the Superior Court's ultimate decision, further supporting application of the collateral estoppel doctrine. On appeal, Shabshelowitz challenges the district court's assumption that a further state court appeal had been available to him, and he attempts to use this challenge as an opportunity to advance a new argument against the application of collateral estoppel -- specifically, that "the absence of a non-frivolous appeal process deprived him of a full and fair opportunity to litigate" the matter.

That argument is waived. Shabshelowitz entirely failed to raise it in the district court despite having ample notice of the defendants' position that he had received a full and fair opportunity to litigate the matter. Although we have held that, under "unique circumstances," an appellate court may consider an issue not squarely presented in the district court if the court nonetheless reaches the issue, no such unique circumstances are present here. See Dahua Tech. USA, Inc. v. Zhang, 138 F.4th 1, 10 (1st Cir. 2025).

In any event, even if the argument were not waived, we see no merit to Shabshelowitz's core contention that he lacked a full and fair opportunity to litigate the matter. As the district court observed, the Superior Court conducted a thorough evidentiary hearing and provided Shabshelowitz the opportunity to present evidence and call witnesses, sufficiently extending to him a full and fair hearing such that collateral estoppel applies. See Seddon v. Bonner, 755 A.2d 823, 828 (R.I. 2000).

element before the district court, then abandoning that argument on appeal to press his argument that there was no final judgment on the merits. See Harwood, 69 F.3d at 628. It has also been more than twelve years since the conclusion of the grand jury proceedings, approximately eight years since the hearings on Shabshelowitz's motion to dismiss, and more than a year and a half since the defendants moved for summary judgment. Shabshelowitz received the benefit of a settlement the State of Rhode Island reached with one of his co-defendants. He has not shown that there would be no prejudice to the defendants after this passage of time and under these circumstances. See id.

Because we find waiver we do not reach the merits of any of Shabshelowitz's arguments.

The grant of summary judgment to defendants is **affirmed**. Costs are awarded to defendants.