### HAMILTON *v.* WHITE and another.

#### *Right of Way.—Change of site.*

If the owner of lands, across which another has a right of way by prescription, close the same, for his own convenience, and open a new way, across another part of his land, for the use of him who is entitled to the right, and the latter acquiesce in the change, and use the new way for a period less than the time of prescription, the owner of the land cannot close such new way, without restoring the old one to its former condition.

If, in such case, the owner of the land do an act, which renders the new way impassable, as, by the removal of a bridge, the party entitled to the easement may enter, and fill up the stream, doing as little damage as possible, so as to render the new way available, as such, until the land-owner restore the old one.

Hamilton *v.* White, 4 Barb. 60, affirmed.

APPEAL from the general term of the Supreme Court, in the second district, where a judgment of the Court of Common Pleas of Queen's county, entered on a verdict in favor of the defendants, had been affirmed. (Reported below, 4 Barb. 60.)

This was an action of trespass *quare clausum fregit*, for breaking and entering the plaintiff's close, and filling

9

up with rails, sand and stones, a stream of water, whereby the plaintiff's lands were overflowed.

*10 ] *The defendants pleaded, that they had a right of way over the plaintiff's land, and over the stream of water, where the trespasses mentioned in the declaration are supposed to have been committed; and therefore, they passed over the same, and on their return, finding the bridge across the stream had been destroyed, the defendants, from necessity, in order to recross the stream, on their way, threw earth into the same, but no more than was necessary to enable them to recross the stream, which are the same trespasses, &c. Replication, denying the defendants' right of way over the plaintiff's close, where the trespasses were committed.

The defendants gave evidence that there was a road or way from the Rockaway turnpike, across the plaintiff's land, to the land of the defendants, which had been used by them for more than thirty years before the alleged trespass. Ten or twelve years before the trial, the plaintiff altered the route of the road, near his house, fencing up part of the original road, and changing it to the back side of his lot; and from that time until the alleged trespass, the defendants used the road as it had been so altered by the plaintiff. At the time of the alleged trespass, the original way was shut up and kept so by

*11 ] *the plaintiff. On the day of the alleged trespass, and before it was committed, the plaintiff removed the bridge over the stream upon the altered part of the way; but that part of the way remained open, and not shut, up or otherwise obstructed. When the defendants came to the ditch, for the purpose of passing, and found the bridge removed, they inquired of the plaintiff how they should get across, and he forbade them, and said they should not go across.

The defendants introduced deeds, for the purpose of showing a grant of the right of way, but failed in show

10

ing any such right by grant in those deeds. They then insisted on their right by prescription.

The judge charged the jury, that if the defendants had used the road for the period of twenty years, uninterruptedly, with a claim of right, and adversely to the plaintiff and those under whom he claimed, and with their knowledge, they had a right to the old road or way. He further charged, that if the plaintiff had changed the old road, for his convenience, and the defendants had acquiesced in the change, they would have a right to repair the altered part of the road, so as to make it passable. To this an exception was taken by the plaintiff's counsel; which raised the principal point in the case, namely, whether the defendants were justified in passing over and repairing the altered part of the road, or whether, if they had made out their prescriptive right, they were bound to keep the old track, and for that purpose to break down the fences and remove the obstructions by which the plaintiff had shut it up.

There was a verdict for the defendants; and the judgment entered thereon having been affirmed by the supreme court, on error, the plaintiff took this appeal.

*Cogswell*, for the appellant.

*Potter*, for the respondents.

RUGGLES, C. J., after stating the pleadings and the facts of the case, as above, proceeded:—The defendants had not acquired the right to the new way, by user of twenty years, and the plaintiff's counsel insist, that if they had the right of way, they should have followed the old track. and relies on the case of *Reignolds* v. *Edwards* (Willes 282), as authority.

In that case, as in this, the way had been altered and a new way assigned by the owner of the land. The

new way had been used by the owner of the land, for several years, and it *was held, that the defendant, who had the right of way, could not justify the breaking down of the gate across the new way, which the plaintiff, who owned the land, had chained and locked up. But the difference between that case and the present is, that the new way in the present case remained open; the bridge across the ditch had been removed, but the way was not fenced up, and the defendants, in passing it, were not compelled to break down or remove any wall, fence or inclosure. And the court, in the case cited, referring to another case reported in Yelverton, say, that so long as the new way lies open, the right to use it continues.

*12 ]

The case referred to is *Horne* v. *Widlake* (Yelverton 141). It was an action of trespass, in which the defendant pleaded, that there was an ancient foot-way across the plaintiff's land, which the plaintiff ploughed up and obstructed; and that, before the trespass supposed, he assigned upon his land another foot-way near the former, which new way was thenceforth used by foot-passengers, and by the defendant, and that the supposed trespass was in using this new foot-way. The plaintiff demurred, and it was adjudged against him, because the plaintiff did the first *tort* in stopping the ancient way, and also he assigned this new way for passengers; wherefore, contrary to his own agreement, he shall not punish the defendant. As, if there had been a foot-way over the close of J. S., by a hedge, and J. S. will remove the hedge into a new place, if the passengers go by the hedge, where it is newly set and fixed, they shall not be punished for it; because it arises from the act and *tort* of the plaintiff himself, and *volenti non fit injuria.*

The plaintiff denies that the defendants have any right of way across his land, either by the old track or by the new; and this is the important question of right between the parties. When the plaintiff forbade the ·

defendants crossing the ditch, on the new track, the old one was shut up and had been so for ten years and more; and the plaintiff, when he refused to let them pass upon the new track, gave them no consent to pass by the old track. This was equivalent to a total denial *of [ * 13 their right to· pass either way; and so it was undoubtedly intended. The jury found that the defendants had the right of way across the plaintiff's land, and the plaintiff was, therefore, wrong, in refusing to let them pass either one way or the other. If it be admitted, that the right to the new track, not being created by grant, nor acquired by user of twenty years, was held at the will of the plaintiff, he ought not to be permitted to put an end to that will, without opening the old route, or consenting hat the defendants might use it.

The judgment in the case reported by Yelverton, and which is not overruled by the case in Willes, is founded on good sense and sound morals. The plaintiff, in the present case, has shut up the old way and assigned a new one. ˙ The new way has been used so long that the evidence of the defendants' right to the old, must have been in some degree weakened and impaired. The plaintiff then denied the defendants' right to either, and the defendants were thus put to the alternative of breaking down the plaintiff's inclosures, and doing him, probably, a very considerable damage, or of continuing to pass the new way, doing very little damage. To have broken down the inclosures would have been *primâ facie* a wilful trespass. The plaintiff had no right to put the defendants in this dilemma; if he chose to put an end to the defendants' right of passing by the new way, he should have opened the way to which the defendants had a lawful title. By denying the defendants' right of way altogether, the plaintiff showed his intention of putting the controversy between himself and the defendants, on the ground that the defendants had no right at

all; and on that point the cause was tried and determined, and we are of opinion, that the plaintiff has no right to complain of it.

The counsel for the plaintiff makes a further point, that the court below erred in not charging, as requested, "that if the jury should find that the old way was used as a public way by all persons having occasion to pass along the same in common with the defendants, such * 14 ] user by the defendants would *not lay a foundation for their private right of way by prescription. The proposition may be true, that the defendants could not maintain their plea, by proving that the way to which they claimed the right was a public highway; but the case does not seem to require that the judge should have stated that distinction to the jury. The defendants claimed the right by prescription only, and the judge charged the jury correctly as to the evidence necessary to establish that claim. We think, therefore, that no substantial error was committed, and that the judgment of the supreme court should be affirmed.

Judgment affirmed.[1]

---

[1] The law is well settled, that a person entitled to a right of way over the lands of another, may enter and repair the way, occasioning no unnecessary inconvenience to the owner of the fee; if this were not so, it might cease to be a way at all, by becoming impassable. McMillan *v.* Cronin, 75 N Y. 474; s. c. 13 Hun 68.