THOMAS E. HURST *vs.* MARY ANNA BRAYTON *et al.*

APRIL 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Findings of Fact by Trial Judge. Appeal and Error.*

When the evidence is conflicting the findings of fact by the trial judge sitting without a jury are entitled to great weight and will not be set aside unless such findings clearly fail to do justice between the parties.

(2)  *Easements. Way by Substitution.*

Evidence considered and held that the way in question in the action had been substituted for the original way.

(3)  *Easements. Way by Substitution.*

When the owner of a servient estate closes with a wall or other structure the original way and points out another way which is accepted by the owner of the dominant estate, the new way may become a way by substitution.

BILL IN EQUITY on facts stated in opinion. Heard on appeal of respondents, and dismissed.

RATHBUN, J. This is a bill in equity brought to enjoin the respondents from obstructing an alleged right of way across the respondents' land.

The case is before this court on respondents' appeal from a decree of the Superior Court granting relief after hearing on bill, replication, issues framed and proof. The respondents allege as reasons of appeal that said decree is against the law and against the evidence and the weight thereof and is erroneous.

It is admitted that the dominant and servient estate were both owned by David Manchester, who in 1817 conveyed the servient estate to George Durfee, the respondents' ancestor in title, reserving for the benefit of the land retained, and now owned by the complainant, a right of way across the land conveyed. The deed from Manchester to Durfee contained language as follows: "Excepting and reserving to myself, my heirs and assigns, the pass-way one rod wide on the south side of the premises from the road to the east end thereof, whereon I & my heirs & assigns shall & will have a right to pass and re-pass at all times, with shutting gates & bars when erected on the said way by the said George Durfee." There is no evidence that a right of way was laid out or used, at any time, along the line described in the clause of reservation.

The complainant contends that by consent of the owners of the two estates the way in question was substituted for the original way. Mr. Justice BARROWS, in his rescript, said: "The evident reason for the use of the substituted way instead of the original was the nature of respondents' land. There are two swampy patches extending north and south, and the substituted way was evidently an attempt to avoid going through these bogs. The evidence was that it would be a matter of great difficulty and expense to attempt to create a road along the original right of way." The respondents, while admitting that the complainant has a right of way across the respondents' land, apparently contend that the complainant if he wishes to enjoy his right

must now construct at great expense to himself a way along the line described in the reservation clause in the deed from Manchester to Durfee.

Mr. Justice Barrows, in his rescript, further said: "We find that for at least 70 .years this way has been used by complainant and those who preceded him in title with the knowledge of and without objection from respondents or their predecessors.. The road has been filled in at times and in two places small culverts have been erected for its better use; . . . that the substituted right of way is the only one which has ever been used to reach complainant's premises."

(1) There was ample testimony to warrant the above finding of fact. When the evidence is conflicting the findings of fact by the trial judge sitting without a jury are entitled to great weight and will not be set aside unless such findings clearly fail to do justice between the parties. *Blomen, Frederickson* v. *N. Barstow Co.*, 35 R. I. 202; *Raferty* v. *Reilly*, 41 R. I. 50; *Preble* v. *Higgins,* 43 R. I. 10.

All deeds in the complainant's chain of title prior to the deed to Lester B. Cornell refer to the original right of way as described in the deed of David Manchester. The deed to Lester B. Cornell, who owned the dominant estate from 1898 to 1905, described the right of way as follows: "The way as heretofore used." (Nellie B. Cornell, wife of Lester B. Cornell, owned said estate from 1905 to 1908.) All subsequent deeds contain the same language. From the testimony of the respondents it appears that Cornell carted slaughter house offal along the way in question which passes close by the house on the property now owned by the respondents; that the respondents' mother, who owned the servient estate at the time, being annoyed by the offensive odors, objected to the carting of offal by the house; that she was told by her husband that Cornell had a right to cross the land but not along the way near the house, whereupon the respondents' mother said if Cornell had a right to go across the land, he might as well go over the way

in question, as along the original way, which would cross her cow pasture. The language of the deeds conveying the dominant estate show that since 1898, at least, the complainant's ancestors in title have claimed the right to use (2) the way in question. It appears that for many years two stone walls crossed the line of the original way; that in recent years an opening has been made in one of these walls where it crosses the original way but that the other wall even now prevents the use of said way; that the respondents' mother and ancestor in title preferred that the way in question be used rather than the original way which would lead through her cow pasture; and that by maintaining said walls she prevented the use of the original way.

The evidence justifies the finding that the way in question has been substituted for the original way. When the owner of a servient estate closes with a wall or other structure the original way and points out another way which is accepted by the owner of the dominant estate the new way (3) may become a way by substitution. *Hamilton* v. *White*, 5 N. Y. 9; *Pope* v. *Devereux*, 5 *Gray*, 409; *Larned* v. *Larned*, 11 Metc. 421; *Smith* v. *Lee*, 14 Gray, 473; *Smith* v. *Barnes*, 101 Mass. 275. See also *Almy* v. *Church*, 18 R. I. 182.

We understand that the complainant does not object to opening and closing such gates and bars as are now located across the way in question.

The respondents' appeal is dismissed, the decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Sheffield & Harvey*, for complainant.

*Max Levy*, for respondent.