FLOYD L. BARLOW, Appellant, *v.* JACOB BAUER and Others, Respondents.

Second Department, November 16, 1923.

Easements — right of way existed in 1882 over lands now owned by defendants — in 1882 private road was laid out on petition of then owner of plaintiff's land corresponding substantially with right of way — there was difference between right of way and private road at point of intersection with State road — change did not interrupt use — right of way not abandoned.

In an action to establish plaintiff's ownership in a right of way over the lands of the defendants and to remove obstructions placed thereon, it appeared that prior to 1882 the plaintiff's predecessor in title had a right of way to the State road over the land now owned by the defendants; that in 1882 upon the petition of the owner of the land now owned by the plaintiff, the highway commissioners of the town laid out a private road by courses and distances corresponding substantially with the course of the right of way; that it was stated in the order that the road was laid out for the use of the then owner of plaintiff's land and that the owner of the land now owned by the defendants consented thereto and had the right to use the road; that while the road followed generally the course of the right of way there was a change where it joined the State road, so that the junctions of the new road and of the old right of way with the State road were about 400 feet apart; and that the old entrance has not been used since the new road was laid out.

*Held,* that the laying out of the new road did not operate as an interruption of the use which had been made of the right of way by the owners and occupants of the premises now owned by the plaintiff, and when the old right of way was changed upon the property now owned by the defendants and this change was assented to by the then owners of that property, the new right of way must be regarded as having been laid out for the benefit of plaintiff's predecessors as well as for the benefit of the defendants' predecessors.

The evidence shows that there was no abandonment or non-user by the plaintiff or his predecessors of the right of way since 1882 and no adverse possession by the defendants or their predecessors.

KELBY, J., dissents.

APPEAL by the plaintiff, Floyd L. Barlow, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Orange on the 4th day of August, 1921, upon the decision of the court, rendered after a trial at the Orange Special Term, dismissing the complaint upon the merits.

*John Bright* [*Abram F. Servin* with him on the brief], for the appellant.

*William A. Parshall,* for the respondents.

YOUNG, J.:

The action was brought to establish plaintiff's ownership in a right of way over the lands of defendants and to remove obstructions placed thereon by defendants. The obstructions consisted of a gate or chain, placed at the entrance to the alleged right of way, and of trees cut down and laid across it. The locality is in the town of Deer Park in Orange county. At this point the State road runs in a northerly direction. Immediately to the east is a tract of land of about 125 acres known as the Chase property. To the east of this is another tract of about the same acreage known as the Boyd property. To the east of this property is another parcel known as the Walters property, which was formerly owned by one Massacar, which parcel is also known as the Priest lot. To the east of this is plaintiff's property, and it is from this property running westerly to the State road across the Chase, Boyd and Walters land that the plaintiff claims a right of way. At the present time the defendants own both the Chase and Boyd tracts.

The trial justice states in his opinion that " prior to 1882 the plaintiff's predecessors in title undoubtedly had a right of way over what are now the defendants' premises to the State road."

In the brief submitted by respondents' counsel it is also stated that " The defendants do not dispute that in the '60s and '70s when Moses Wright was living upon what is now the portion of the plaintiff's premises immediately adjacent to the Massacar or ' priest's ' lot there was a passable road therefrom through the Boyd and Chase lots to the Plank (now the State) Road, or that the same was used by Frank Boyd, then the owner of the Boyd tract, and by others, or that such use, whatever it was, was continued up to about the year 1882."

The trial court, however, refused to make a finding in accordance with this expression of opinion.

It appeared that in the year 1882 upon the petition of the owner of the Boyd property, the highway commissioners of the town laid out a private road by courses and distances corresponding substantially with the course of the right of way. This road extended across the Chase tract to the westerly boundary line of the Boyd property. It was stated in the order that the road was laid out for the use of Frank Boyd and that the owner of the Chase property, having consented thereto, she and her heirs and assigns should have the right to use said road for the purpose of traveling over the same. While, as has been stated, this road as laid out followed generally the course of the right of way, there was a change made in it where it joined the State road; the former

right of way at this point having been upon a curve, and the new road as laid out was substantially straight so that the outlet of the new road was some 400 feet to the north of the outlet of the former right of way.

It appeared that the old entrance had not been used since the new road was laid out, and the trial court was of the opinion that the laying out of the new road operated as an interruption of the use which had been made of the right of way by the owners and occupants of the premises now owned by the plaintiff, and that the evidence relating to the use of this new roadway since 1882 was not sufficient to establish an easement in plaintiff's favor.

With this conclusion I am unable to agree. Assuming that the owner of plaintiff's property in 1882 had a right of way to the State road, he had a legal right to go upon the Chase property in the use of such right of way, and when the old right of way was changed upon this property, and this change was assented to, then the new right of way should be regarded as being laid out for his benefit as well as for the benefit of the then owner of the Chase property. (*Taylor* v. *Porter*, 4 Hill, 140; *Hamilton* v. *White*, 5 N. Y. 9.)

If I am correct in this conclusion, plaintiff's prescriptive right in 1882 could only be lost by adverse possession, nonuser or abandonment, and I am of the opinion that the evidence produced upon the trial in regard to the use of the right of way since 1882 is sufficient to show that there was no abandonment or nonuser by plaintiff and no adverse possession by defendants.

The judgment should be reversed upon the law and the facts, and judgment directed for the plaintiff, with costs in this court and the trial court. Finding of fact third and conclusions of law first and second should be reversed and new findings of fact and conclusions of law should be embodied in the order of this court to be made in accordance with this opinion.

KELLY, P. J., RICH and JAYCOX, JJ., concur; KELBY, J., dissents.

Judgment reversed upon the law and the facts, and judgment directed for plaintiff, with costs in this court and the trial court. Finding of fact third and conclusions of law first and second reversed, and new findings of fact and conclusions of law should be embodied in the order of this court, in accordance with opinion. Settle order on notice before Mr. Justice YOUNG.