**Frederick C. WHITE, Jr. et al.**

v.

**Alfred LeCLERC et al.**

No. 78–374–Appeal.

Supreme Court of Rhode Island.

Dec. 1, 1983.

Felix A. Appolonia, West Warwick, Richard A. Ciccone, Providence, for defendants.

John D. Lynch, Warwick, for plaintiffs.

OPINION

BEVILACQUA, Chief Justice.

This case comes before us on the third appeal from a judgment awarding the plaintiffs Frederick and Anna White $4,500 compensatory damages for four oak trees that were cut and carried away from their property.[1] The parties agree that the trees were situated on the plaintiffs' land and that the defendants, Alfred and Madeline LeClerc, innocently yet mistakenly thought that the trees were located on their land when they ordered them cut.[2] The sole

---

1. The facts are set forth in greater detail in *White v. LeClerc*, R.I., 444 A.2d 847 (1982).

2. The trial justice has already decided that there was no evidence of tortious conduct on

issue before this court is whether the trial justice properly considered the evidence in awarding damages.

The matter was originally heard by a justice of the Superior Court, sitting without a jury. Both parties presented experts who testified on the value of the trees. Rejecting the testimony of both witnesses, the trial justice concluded that a fair measure of the damages was $4,500. Judgment was entered in this amount for plaintiffs. Both parties appealed this decision of the trial justice. In the first appeal taken to this court, we held that the trial justice failed to refer to the evidence he had relied upon in arriving at the $4,500 damages award. *White v. LeClerc*, R.I., 422 A.2d 1256, 1257 (1980). Concluding that the state of the record precluded adequate review, the case was remanded to the Superior Court for further findings. On remand, the trial justice ruled that the court had arrived at its conclusion that the damages amounted to $4,500 by considering the evidence and determining that the value of the trees was "somewhere between the value advanced by the plaintiffs and the value advanced by the defendants." [3]

This case came before us again on an appeal of the trial justice's rulings on remand. We again had to remand the case to the Superior Court because of the absence of any evidence on the record of what part of plaintiffs' expert's testimony the trial justice had relied on in arriving at the $4,500 damages award. *White v. LeClerc*, R.I., 444 A.2d 847, 850 (1982). The trial justice again failed to follow our instructions.

Rule 52(a) of the Superior Court Rules of Civil Procedure requires the trial justice in a nonjury trial to make specific findings of fact upon which he bases his decision. *Eagle Electric Co. v. Raymond Construction Co., Inc.*, R.I., 420 A.2d 60, 64 (1980); *Rowell v. Kaplan*, 103 R.I. 60, 69, 235 A.2d 91, 96 (1967). The trial justice need not engage in extensive analysis to comply with this requirement. Even brief findings will suffice as long as they address and resolve the controlling factual and legal issues. *J.W.A. Realty, Inc. v. City of Cranston*, 121 R.I. 374, 384, 399 A.2d 479, 484–85 (1979). The trial justice in the instant case has failed to follow the instructions of this court requesting clarification regarding the evidence he relied upon in arriving at the $4,500 damages award. This court has made it clear that an award of damages must rest upon legally competent evidence and may not be the product of speculation or conjecture. *Alterio v. Biltmore Construction Corp.*, 119 R.I. 307, 314, 377 A.2d 237, 240–41 (1977); *Fusaro v. Naccarato*, 103 R.I. 324, 325, 237 A.2d 545, 546 (1968). There is no indication on the record of the evidence that the trial justice might have adopted or discounted in deciding on the amount of damages. Because of the posture of the case, we can only speculate whether the award was based on legally competent evidence, or was a product of the trial justice's speculation. In light of these circumstances and out of fairness to the parties, we have no alternative but to re-

the part of Mrs. LeClerc and ordered that judgment be entered in her favor. *White v. LeClerc*, 444 A.2d at 848–49. As to this ruling, we affirmed.

In the 1982 appeal to this court, we ruled on the applicability of G.L.1956 (1969 Reenactment) § 34–20–1 to the present case. *White v. LeClerc*, 444 A.2d at 849. Section 34–20–1 provides for the payment of double damages by any person who cuts, destroys, or carries away trees or timber lying or growing on the land of another, where such action constitutes a tres-

pass. We ruled that the statute was inapplicable in the instant case because the parties impliedly consented to replacement costs as the proper measure of damages. *White v. LeClerc*, 444 A.2d at 849.

3. The plaintiffs' expert testified at trial that the true value of the trees, including labor and material, was $12,000. The defendants' expert testified that in his opinion the replacement cost for the trees was $196.

mand this case with great reluctance to the Superior Court, for a new trial solely on the issue of damages. Moreover, the trial justice is directed to consider replacement cost as the proper measure of determining damages.

Accordingly, the defendants' appeal is sustained in part and denied in part, and the case is remanded to the Superior Court for a new trial on the issue of damages.