Carla Christine STONE

v.

GREEN HILL CIVIC ASSOCIATION, INC., et al.

No. 2000–290–APPEAL.

Supreme Court of Rhode Island.

Dec. 28, 2001.

James P. Marusak/Mark W. Freel, Providence, for plaintiff.

William Landry, Providence, Donald J. Parker, for defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

The alleged existence of a prescriptive easement on an oceanfront beach provides both the physical and the legal locus for this case. The defendants, Green Hill Civic Association and numerous John and Jane Does, appeal from a Superior Court summary judgment in favor of the plaintiff, Carla Christine Stone, the record owner of the beach in question. After a pre-briefing conference, a single justice of this Court ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. No cause having been shown, we proceed to decide the appeal at this time. Concluding that material issues of fact exist concerning whether the defendants' use of the beach was permissive and whether it was adverse to the record owner's property rights, we vacate the summary judgment and remand this case for trial.

### Facts and Travel

The plaintiff owns the record title to beachfront property located on Green Hill Avenue in the town of South Kingstown. The complaint asserted that plaintiff and her predecessors in title had allowed defendants to use portions of her property that comprise an area commonly referred to as Green Hill Beach (beach). The plaintiff claimed that several members of defendant, Green Hill Civic Association (the association), and other unnamed individuals, had been using the beach without seeking her permission to do so and that they were otherwise asserting a right to use her property, including the area above the mean high water mark. The plaintiff filed suit to quiet title to her land and to obtain a declaratory judgment that defendants have no legal ownership rights in the property.

Several individuals entered their appearance on behalf of the John and Jane Doe defendants and filed counterclaims against plaintiff. The defendants asserted that they have used the beach for more than ten years, "in a manner which has been open, notorious, hostile, and continuous under a claim of right."[1] The plaintiff eventually filed a motion for summary judgment and defendants filed a cross-motion. The extensive Superior Court record contains numerous memoranda regarding these motions, along with supporting documents. Both parties asserted in their memoranda that the core facts of this case were "uncontroverted." The parties reiterated this position at the oral argument, indicating that they did not want this case remanded for purposes of factual findings. Despite these assertions, we conclude that this case presents genuine issues of material fact that must be decided at trial.

The motion justice granted summary judgment in favor of plaintiff. He reasoned that it would be unjust to allow defendants to control the beach, while plaintiff continues to retain title to the property and to pay taxes thereon. In addition, he determined that defendants had failed to present any evidence that they used or occupied the beach under a claim of right. The motion justice concluded that it was more sensible to presume that the defendants have been using the beach for many years with the permission of plaintiff and her predecessors in title. The court then entered summary judgment in favor of plaintiff on all claims and counterclaims and defendants appealed.

1. The Superior Court record contains fifty-one identical documents filed on behalf of named defendants in answer to plaintiff's complaint. The record also contains an answer and counterclaim filed by several defendants as individuals and as representatives of a class of individuals who have utilized the beach but who may not have been adequately notified of the proceedings. Green Hill Civic Association also filed an answer to plaintiff's complaint.

## Standard of Review

This Court reviews the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996); *Mallane v. Holyoke Mutual Insurance Co. in Salem*, 658 A.2d 18, 19 (R.I.1995). Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law, will we uphold the trial justice's order granting summary judgment. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). "Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion reveals no genuine issue of material fact." *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945, 947–48 (R.I.1984). "The purpose of the summary-judgment procedure is to identify disputed issues of fact necessitating trial, not to resolve such issues." *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996).

## Analysis

One who claims an easement by prescription bears the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for at least ten years. *Palisades Sales Corp. v. Walsh*, 459 A.2d 933, 936 (R.I.1983). The determination of whether or not a claimant has satisfied the burden of proving each of these elements by clear and

satisfactory evidence involves an exercise of the fact-finding power. *Id.* In this case, summary judgment in favor of plaintiff would be proper only if no genuine issues of material fact existed concerning whether defendants' use of the beach satisfied the elements of a prescriptive easement.

■ The defendants contend that they satisfied their burden of presenting evidence that established a prescriptive easement. In an answer to one of plaintiff's interrogatories, they stated the following:

"My use of the subject property was 'open' in that it was overt and not hidden or concealed. It was 'notorious' for the same reason. It was 'hostile' in the sense that it was inconsistent with another person's unconstrained ownership and title to the property. It was under 'claim of right' in the sense that I always believed I had the right to use the area in this fashion. The history of the area going back over 50 years supports that right, the understanding of the whole community supports that right. The assumption of the area realtors and the tax structure supports that right. I do not claim that I used the area 'under color of title.' "

■ The defendants also indicated that area residents had used the beach as far back as 1928. But plaintiff contended and provided evidence that, if credited, would indicate that the previous owners of the property had granted permission for the use in question. "A use originally permissive cannot be converted into an adverse use by a later use and claim of that kind." *Daniels v. Blake,* 81 R.I. 103, 110, 99 A.2d 7, 11 (1953). Therefore, if the original use of the beach by area residents was permissive and if the later use and claims are of that same kind, then the original use cannot ripen into an easement by prescription no matter how long it was continued, *id.,*—unless the permission has been withdrawn in the interim or unless events have occurred indicating that the original permission no longer obtained.

The defendants contend that, to use the beach, they never asked permission of plaintiff or her predecessors in title or their family members. But plaintiff disputed this assertion in affidavits and deposition testimony that indicated the use of the beach was permissive. Jeanne Skillin Moore, whose family owned the property in question before plaintiff, testified by deposition that she believed that the dunes and the portion of the beach up to the high water mark were part of her family's property. She stated that her family regularly used that area, which she stated was known as "Skillin's Beach." Ms. Moore stated that the decision to hire a lifeguard was made by her parents and the association. She testified that the association called her family in the spring requesting permission to put the lifeguard chair up and asking where the Skillins would like it to be located. She stated that her family erected a snow fence sometime in the late 1980s to prevent injury to the dune area and did not ask anyone's permission to do so because "it's our beach." According to Ms. Moore, people who used the beach for cookouts or parties would ask permission before doing so.

This Court has held that parties seeking to establish an easement by prescription must show some affirmative act that puts the property owner on notice that their occupancy was hostile to the owner and that they were claiming the property as their own. *Altieri v. Dolan,* 423 A.2d 482, 484 (R.I.1980). The association asserted that its claim of right was based upon its use and maintenance of the beach, without permission, for over forty years. Several former presidents of the association submitted affidavits in which they asserted that the association maintained a lifeguard

on the beach, handled litter and trash control on the beach, and maintained signs regulating the use of the beach for association members. At no time, according to these affidavits, did the record owners of the property in question give permission to the association to use the beach area, nor was permission requested.

Our review of the record, however, reveals genuine issues of material fact, depending largely on credibility, about whether the use of the beach by the association and its members was permissive. The defendants cite cases from other jurisdictions in which the courts have held that the use of a beach area over a period of time created an easement by prescription. But these cases do not allow courts to engage in fact finding when ruling on summary-judgment motions.

In our opinion, the motion justice prematurely entered judgment in favor of plaintiff. Given the conflicting evidence on permissive use, he could not do so without the benefit of making factual findings and credibility determinations about the nature of the beach use and how it may have changed or evolved over time. Whether a prescriptive easement may be established depends upon which evidence is to be credited and which rejected. As this Court has said, factual determinations are generally necessary to determine whether claimants have established the elements of a prescriptive easement. *Palisades Sales Corp.*, 459 A.2d at 936.[2]

■ The plaintiff also asserts that the motion justice's decision should stand because defendants failed to present evidence that their use of plaintiff's property was under a claim of right. Yet this Court has stated that no particular act is re-

quired to show an intention to claim ownership. *Greenwood v. Rahill*, 122 R.I. 759, 763, 412 A.2d 228, 230 (1980). "It is sufficient if one goes upon the land openly and uses it adversely to the true owner, the owner being chargeable with knowledge of what is done openly on his land." *Id.* The plaintiff asserts that defendants' claim of right is based solely upon "folklore." Yet the affidavits submitted by members of the defendant association indicate that they "always believed *** that [they] had the right to use the area in the fashion that [they] did."

To resolve the question of whether defendants were acting under a claim of right or with permission of the owner, it is necessary to make a factual finding concerning whether plaintiff or her predecessors in title granted defendants permission to use the beach, and "whether they committed objective acts of ownership adverse to the true owner's rights, thus exercising the rights of ownership over the land." *Carnevale v. Dupee*, 783 A.2d 404, 412 (R.I.2001). In *Reitsma v. Pascoag Reservoir & Dam, LLC*, 774 A.2d 826, 832 (R.I. 2001), we indicated that "[m]ere acquiescence or silence *** in the face of uses that are inconsistent with the true owner's property rights, does not constitute permission." The defendants contend that this case also involves acquiescence or silence on the part of the beach owners, a fact that plaintiff disputes by presenting evidence of permission having been requested and granted. Our holding in *Pascoag Reservoir* was based, in part, upon the absence of evidence that the lake owners ever had objected or granted express permission to the state or to the public to use the property as they did. Here, it is necessary to resolve material questions of fact concerning whether defendants' use of

---

2. Recently, in the case of *M & B Realty, Inc. v. Duval*, 767 A.2d 60 (R.I.2001), which involved a claim of adverse possession, this Court held that the entry of summary judgment in favor of plaintiffs was improper and that questions of fact remained to be resolved.

plaintiff's property was permissive and whether that use was adverse to the record owner's property rights.

The other issues raised by defendants (acquiescence, implied dedication, and custom), which they claim the trial justice failed to address, also require factual findings. Although the defendants seem to contend that, as a result of the association's long history of using the beach, a so-called "customary servitude" should apply in this case, they cite no cases in support of what they suggest is an "emerging doctrine." Consequently, we lack any legal basis on which to assess this theory.

### Conclusion

Given the contradictory evidence submitted by both sides on the key issues of whether the defendants' use of the beach was permissive and inconsistent with the record owner's property rights, we conclude that the issues of prescriptive easement, acquiescence, implied dedication, and custom were inappropriate for resolution on a motion for summary judgment. For these reasons, we sustain the defendants' appeal, vacate the summary judgment, and remand this case for trial.