[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This case is before the Court for decision following a non-jury trial on a complaint by Karen Biernacki (Plaintiff) against Enrique and Deborah Pinzon (Defendants). Plaintiff seeks a permanent injunction restraining the Defendants from entering her property and from interfering in any way with her possession, use and enjoyment of the property. Defendants counterclaim seeking to be adjudged the owners in fee simple of the real estate by virtue of adverse possession. Jurisdiction is pursuant to R.I. Super. R. Civ. P. 52(a).
 FACTS AND TRAVEL
On December 15, 1986, the Defendants purchased an approximately 2.04 acre parcel of land located at 74 Tower Hill Road in the Town of Cumberland On November 19, 1991, Plaintiff purchased approximately 22 acres of land in the Tower Hill Road area. The parties agree that a .57 acre portion of Plaintiff's land, referred to as sub-parcel B throughout trial, is contained in both Plaintiff's and Defendants' deed descriptions but is erroneously contained in the deed description of the Defendants. The property description error contained in the Defendants' deed can be traced back to an improper survey conducted on behalf of the former owner of the property. Defendants' house is located on what is labeled as sub-parcel B-1, adjacent to the west of sub-parcel B. Defendants' shed is located on sub-parcel B.
Plaintiff informed Defendants of the boundary problem and filed the instant lawsuit in October 1999. Defendants claim a period of adverse possession from December 15, 1986, when they purchased the property, through October 30, 1999, when Plaintiff filed this action. Plaintiff seeks to enjoin the Defendants from entering on the property and from interfering with her use and enjoyment of the property. Defendants filed a counterclaim seeking to be adjudged the owners in fee simple of the real estate by virtue of adverse possession.
This Court, sitting without a jury, heard the matter on April 22-23, 2004. Decision is herein rendered.
 STANDARD OF REVIEW
Rule 52(a) of the Rhode Island Superior Court Rules of Civil Procedure provides that "in all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon. . . ." R.I. Super. R. Civ. P. 52(a). In accordance with this authority in a non-jury trial, "the trial justice sits as a trier of fact as well as of law." Hood v. Hawkins, 478 A.2d 181, 184 (R.I. 1984). "Consequently, [s]he weighs and considers the evidence, passes upon the credibility of witnesses, and draws proper inferences." Id. "The task of determining credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury." State v. Sparks, 667 A.2d 1250, 1251
(R.I. 1995) (citing Walton v. Baird, 433 A.2d 963, 964 (R.I. 1981)). "It is also the province of the trial justice to draw inferences from the testimony of witnesses. . . ." Id.; seealso Rodriques v. Santos, 466 A.2d 306, 312 (R.I. 1983) (the question of who is to be believed is one for the trier of fact). When rendering a decision in a non-jury trial, "the trial justice need not engage in extensive analysis to comply with this requirement." White v. Le Clerc, 468 A.2d 289, 290 (R.I. 1983). Thus, "even brief findings will suffice as long as they address and resolve the controlling factual and legal issues." Id.
 ADVERSE POSSESSION
Rhode Island General Laws § 34-7-1 sets forth the elements necessary to establish a claim for adverse possession:
 "Where any person or persons, or others from whom he, she, or they derive their title, either by themselves, tenants or lessees, shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during that time, claiming the same as his, her or their proper, sole and rightful estate in fee simple, the actual seisin and possession shall be allowed to give and make a good and rightful title to the person or persons, their heirs and assigns forever; and any plaintiff suing for the recovery of any such lands may rely upon the possession as conclusive title thereto, and this chapter being pleaded in bar to any action that shall be brought for the lands, tenements or hereditaments, and the actual seisin and possession being duly proved, shall be allowed to be good, valid and effectual in law for barring the action."
The Supreme Court "has long held that to establish adverse possession, a claimant's possession must be `actual, open, notorious, hostile, under claim of right, continuous, and exclusive' for at least ten years." Tavares v. Beck,814 A.2d 346, 350 (R.I. 2003) (quoting Sherman v. Goloskie, 95 R.I. 457,465, 188 A.2d 79, 83 (1963)). "The party claiming adverse possession must establish each of these elements by `strict proof, that is, proof by clear and convincing evidence.'" Id.
(quoting Carnevale v. Dupee, 783 A.2d 404, 409 (R.I. 2001)). No particular act is required to put the world on notice of the adverse claim; it is sufficient for the claimant to go upon the land and use it adversely to the true owner. Id. at 352. The owner is charged with knowledge of whatever occurs on the land in an open manner. Id.
Through Mr. Pinzon's testimony, it is evident that the Defendants began using sub-parcel B in a significant manner beginning in 1987. It is undisputed that the area in question is heavily wooded, rocky, and hilly. Defendants started clearing the area in 1987 by knocking down trees and used the area to split wood and stack wood piles for use in a wood-burning stove. The area was also used for burning small branches when the Town of Cumberland permitted such burning. Further, a shed was installed on sub-parcel B in November 1987.
Throughout the years, the Defendants have continued to make significant improvements on the land, both on sub-parcel B and sub-parcel B-1. In order to make access to the shed, Defendants had a hill knocked down between the shed and house. Defendants hired excavators to move boulders and level the property, which extended onto sub-parcel B. The shed had been surrounded by trees, but a path was cleared to the house. Defendants' son also cleared bike paths throughout the contested parcel.
"The elements of `actual' and `continuous' possession are successfully established when the claimant shows that `the use to which the land has been put is similar to that which would ordinarily be made of like land by the owners thereof.'" Anthonyv. Searle, 681 A.2d 892, 897 (R.I. 1996) (quoting Lee v.Raymond, 456 A.2d 1179, 1183 (R.I. 1983)). "[T]he ultimate fact to be proved in adverse possession is that the claimant has acted toward the land in question `as would an average owner, taking properly into account the geophysical nature of this land'"Gammons v. Caswell, 447 A.2d 361, 368 (R.I. 1982) (quoting 7 Powell The Law of Real Property § 1018 at 740 (1981)). "Cultivating land, planting trees, and making other improvements in such a manner as is usual for comparable land have been successfully relied on as proof of the required possession."Id. Here, by clearing the land, installing a shed, and creating a path to the house, the defendants have made improvements similar to that which would ordinarily be made on comparable land; therefore, defendants have satisfied that actual and continuous elements.
Further, "claimants must show that their use of the land was sufficiently open and notorious to put a reasonable property owner on notice of their hostile claim." Tavares, at 352. "The `notorious' and `openness' elements are established by a showing that `the claimant goes upon the land openly and uses it adversely to the true owner. The owner then becomes chargeable with knowledge of what is done openly on the land'" Anthony,681 A.2d at 897-898 (quoting Gammons, 447 A.2d at 367). An owner may be charged with knowledge "even when the activities are obscured by dense vegetative barriers." Carnevale v. Dupee, No. 2003-259, 2004 LEXIS 116, at *9 (R.I. June 15, 2004) (per curiam). Moreover, "the fact that a portion of land is inaccessible and not easily visible to the record owner is not conclusive evidence that the claimant's use was not `open and notorious.'" Id. Clearly, in the instant case, Defendants' use of the land has been sufficiently open and notorious because the shed and paths are visible improvements to the land
"[T]he term `hostile' does not connote a communicated emotion but, rather, action inconsistent with the claims of others. A person is a hostile occupant of the land when he mistakes his boundary but continuously asserts dominion over the property for the statutory period." Lee, 456 A.2d at 1183. Defendants' possession has been hostile because they have occupied the land under the mistaken belief that sub-parcel B was properly conveyed to them.
In order to find that a potential adverse possessor did not use the property exclusively, there must be some evidence indicating that "others had made improvements to the land or, at the very least, had used the land in a more significant fashion than merely walking across it." Gammons, 447 A.2d at 368. "[A] record owner who merely surveys the land and informs the adverse claimant of the survey" does not constitute a sufficient interruption to break the continuity and exclusivity of the adverse claimant's possession. Carnevale, 783 A.2d at 411. The exclusiveness requirement has been satisfied in this case because no other person has used the land in a significant fashion; friends have used the paths only with Defendants' permission. Plaintiff's letters to Defendants informing them of the boundary dispute is not sufficient to break the continuity and exclusiveness of Defendants' possession.
This Court is satisfied that Defendants have presented clear and convincing evidence that they adversely possessed sub-parcel B for the requisite ten year period. Although Defendants have occupied only a portion of sub-parcel B, they are entitled to title of the whole. "[O]ne who occupies land pursuant to a deed could establish constructive possession of an entire parcel by proof of actual occupation of only a limited part of the granted premises." Sleboda v. Harris, 508 A.2d 652, 658 (R.I. 1986). Accordingly, Defendants will be granted title to sub-parcel B.
 CONCLUSION
The evidence shows that Defendants' possession satisfied the elements of adverse possession prescribed in G.L. 1956 § 34-7-1
by clear and convincing evidence. Defendants' use was actual, open, notorious, hostile, under claim of right, continuous, and exclusive for more than the required ten years. Accordingly, Plaintiff's request for a permanent injunction is denied and Defendants' counterclaim seeking title in sub-parcel B is granted.
Counsel shall submit an appropriate judgment for entry.